All right, Mr. Sigmund, we're glad to hear from you. Good morning, Your Honors. May it please the Court, my name is John Sigmund. I represent Allen Creek Coal Company in this appeal of the Yale Jays Award of Federal Black Lung Benefits to Mr. Jerry Blankenship. As an initial matter, I'd just like to note that this is not a substantial evidence appeal. Before a decision is assessed to determine whether it is supported by substantial evidence, it must be shown that the findings that the Yale Jay made were based on a proper application of the law and that the Yale Jays' reasons for crediting or discrediting a doctor's opinion were proper. In this case, we argue that the Yale Jay made several legal errors when assessing whether Mr. Blankenship proved total disability through the medical opinion evidence. Specifically, we argue that the Yale Jay, by conflating the issues of pneumoconiosis and total disability, by discrediting the employer's physician's opinions for improper reasons and for shifting the burden to the employer to disprove total disability. And I'd like to note that this... The last issue is that a failure of the Yale Jay to sufficiently explain why he would have credited the claimant's physicians. That is correct, Your Honor. If you'd like for me to touch on that at this point or move on. However you want to do it. Well, what the Yale Jay did was, and I can somewhat include both the decisions together, but the Yale Jay concluded his entire argument under the heading of Mr. Blankenship is totally disabled by legal co-workers' pneumoconiosis. He then provided a dispassionate summary of the medical opinion evidence. He summarily stated that he was giving more weight to the claimant's physicians' opinions, who were Drs. Nader and Green, and he then provided specific reasons for discrediting the employer's physicians' opinions. And the sole basis for finding pneumococcus was the medical opinions, not any of the testing mechanisms that are permitted? Yeah, total disability, Your Honor. And am I correct, the Yale Jay found that none of the blood gas studies and the other things that are listed, none of those prove total disability? That's correct, Your Honor. There are five ways that the regulations allow an individual to prove total disability. Through a finding of what's called complicated co-worker's pneumoconiosis, through arterial blood gas or pulmonary function study evidence, through a condition called cor pulmonale, and by medical opinion evidence. The Yale Jay concluded that the evidence failed to prove total disability pursuant to the first four elements. He then found that the claimant had proven total disability pursuant to the medical opinion evidence and based his finding of total disability on that medical opinion evidence. And basically, Your Honor, with regard to the shifting of the burden of proof, there's really no difference between the way that the Yale Jay summarized the relevant doctor's opinions and had he simply just stated, Dr. Nader's and Dr. Green's opinions are in the record, I find them to be supported by substantial evidence. There was no meaningful analysis of the doctor's opinions. Well, he does say they're well-reasoned and well-supported. He does say that, but he does not provide his reasoning for doing so, Your Honor. Okay. Go ahead. With regard to the other issue, the conflating of the issues of pneumoconiosis and total disability, those are two completely separate issues under the regulations. As noted earlier, the Yale Jay included all of his analysis under the heading of the claimant is totally disabled due to legal co-workers' pneumoconiosis. He then provided that basic summary of the opinions. He gave his reasons for discrediting the employer's opinions. Two of those reasons were specifically related to the legal pneumoconiosis issue. The other two reasons were, we would say, improper. And then after providing those reasons, he included a large paragraph that stated that Congress intended legal pneumoconiosis to cover a much broader range of diseases than the medical community understood to be pneumoconiosis. Ultimately, there is... But that's not a finding of total disability. That's correct, Your Honor. That's correct. The ultimate analysis is geared primarily towards whether or not the claimant suffers from pneumoconiosis and whether the employer's physicians' opinions reasonably concluded that the minor did not suffer from legal pneumoconiosis. It was not geared towards whether or not the claimant's physicians' opinions, who were Drs. Green and Nader, provided reasoned and documented opinions finding the minor totally disabled. And, Your Honor, this Court recently stated in American Energy v. Good, it said, well, agency decisions are subject to harmless error review in federal black line cases. A legal error is only harmless if the outcome is foreordained. It would be our argument that the outcome in this case is not foreordained because medical opinion evidence is contradictory. The legal error would be, in this case, that the ALJ conflated those issues of legal pneumoconiosis and total disability when assessing the evidence. Well, there's a board decision in another case called Yates which involves the same ALJ and it looks like it's almost a carbon copy of this case. And the board reversed the ALJ on several different rationales. How does that case affect yours? That case, it was just, that case was issued by the same judge. It included almost the exact same reasoning, only in that particular case the board vacated the award, but they did not in this particular case. Right, I understand that, but the board's reasoning in this case was basically, it looked like it was almost non-existent. They said, we can find out, we can determine what the ALJ did. That was its reasoning. In Yates, they went into quite a bit of detail, even involving some of the same physicians. That's correct, Your Honor. And with regard to the board's reasoning in this case, they basically applied this court's decision in Pine Mountain versus Mays. And that, the particular discussion is found in footnote 10 of that decision. And the Piney Mountain case involved an appeal where the employer was saying that the ALJ had provided insufficient reasoning for making a certain finding. In that particular case, though, there was actually an explanation that the ALJ had given. And, of course, the court said that it, that the requirements of the APA, which require an ALJ to make findings of facts with regard to issues of law, in fact, that he's supposed to state his conclusions and then provide an explanation for those conclusions, they said that the duty of explanation does not require administrative verbosity. All that is required is that the court be able to determine what the ALJ did and why he did it. The difference in this particular case is there's no particular analysis that is provided for why he, for why he decided to find the claimant's physician's opinions well-reasoned and documented. Well, and alternatively, he told us why he finds the employer's doctors not as credible, but the reasons he gave are legally inappropriate, right? I found it very confusing trying to understand why he thought the employer's doctors weren't credible when it comes to total disability because, as you point out, many of his reasons had to go to whether they had established pneumoconiosis, which is not the question. So when the board said it could figure it out, they didn't tell us how, and I had trouble seeing how they could figure it out. The board would like to extend Piney Mountain to other issues such as this where there are errors of law in assessing whether or not a certain element of entitlement has been proven, and it basically turns an ALJ's decision into an inkblot test. You know, what do you see? And that's problematic for several reasons, but these cases are extremely fact-oriented. There are many different issues that have to be addressed in them, and just allowing the court to just lump them all together and issue conclusory statements is a recipe for similar and worse decisions down the road. If Yates was correctly decided, what's the basis to say this case is correctly decided, which I'm assuming you'll say it's not. Well, it's not, Your Honor. It's the, this is an error of law, the way that the ALJ analyzed the two different distinct elements, and that requires a remand in this case. My time's up. Thank you very much. You've got some rebuttal time. Mr. Austin. Good morning, Your Honor. It was my pleasure earlier to be before another court upstairs, so now I'm enjoying my time here before Your Honors. My name is Brad Austin. I represent the respondent in this case, Mr. Jerry Blankenship. May it please the Court. I tried to listen during Mr. Sigmund's portion. I want to address a couple of those issues that I think Your Honors had to Mr. Sigmund. The Board did go in and analyze the ALJ's findings regarding Drs. Nader and Dr. Green, and I do agree with Mr. Sigmund that there are separate analyses when it comes to a finding of total disability and then ultimately rebuttal if the 15-year presumption is applicable. But Dr. Nader recorded that the claimant experienced a shortness of breath mainly with exertion and a history of chronic cough and wheeze. His usual coal mining work required him working in a prep plant, lifting 50 to 100 pounds. They're just reciting the facts. They're not really giving any reasoning on why this is believable and the other doctors are not believable. It just seemed odd, for instance, that the ALJ would say the employer's physicians aren't believable because they didn't adequately account for these various tests, but then at the same time the ALJ found specifically these tests don't prove total disability. That was a disconnect I could make. Sure. I think I can clarify that. So reasoned medical opinion is by far the most difficult for a fact finder to analyze, and here's why. The ABGs have a very easy-to-read table. It's called Appendix C within the regulations. There's a number for PCO2, there's a number for PO2. I'm sure Your Honor knows this. And the PFTs are the same way. You have to be below a certain number. You either qualify or you don't. Complicated pneumoconiosis, another way to establish it. X-ray, it's either there or it's not. Reasoned medical opinion is the most difficult for a fact finder to analyze because in order for a physician's opinion to constitute a reasoned medical opinion of total disability, that physician has to go in and have an adequate understanding of exactly what the coal miner had to do during the last year of his coal mining employment. And so in this case, you have five medical reports. Three of those medical reports opine that the claimant is totally disabled because he could not return back to the specific exertional demands of his very last coal mining job. The employer's experts do not engage in that analysis. The employer's experts... ...they found there was a disability, but then we have a case of Lane and a few others that say, you don't have to do that. Well, Judge, we have to compare apples to apples. If we've got three physicians in a case who have engaged in an analysis that says, I do find him totally disabled because he could not return back and meet the exertional demands of his last coal mining job, i.e., in this case, the claimant's experts, and then we have the employer's experts that say, I'm not going to engage in that analysis. When the fact... I don't know that that's particularly accurate. Your threshold analysis is, is there a finding of disability? And if the employer's physicians say, no, there's no finding of disability, I thought our precedent was pretty clear. It's not held against them because they didn't go further on and talk about exposure in the workplace after that because they've already made the fundamental finding, there's no disability. Now, they may be wrong, but I'm not sure how the ALJ can discredit the employer's physicians for not making a finding that it would appear our case law says they don't have to make. Judge, it's written into the regulations that there's five different ways to establish total disability. So if the employer checks off, you know, way one, way two, way three, way four, and says, I'm not going to engage in way five, that's a real disservice to the miner and the regulation. They didn't consider impairment. They did not consider... Disability is qualifications to work. You know, Judge, the truth of the... I agree with that, Judge Benjamin. The truth of the matter is, the employer's experts do not typically engage in the reasoned medical opinion analysis because they tend to say, I can look at these charts and these charts do not show the raw number values that automatically establish disability. But a physician who wants to go and do the miner right is going to actually, which is what the regulations require, a miner is totally disabled if it's written right in the regulations, plain language, if he could not engage in the exertional requirements of his last coal mining job. So in this case, you've got Dr. Nader and Dr. Green twice going into great detail. I mean, that's what I was trying to read a moment ago. Dr. Nader said he had to work at the prep plant, he had to lift 50 to 100 pounds at any given time. Dr. Nader's arterial blood gas was qualifying after, and then he reviewed subsequent testing, and he said he still, even with that non-qualifying level on that blood gas, could not go back and do that particular kind of work. Is there an actual error on the ALG's part? The physician's experts did not accurately account. Let me see if I can find the site. There's a difference in heavy manual labor versus medium manual labor. I'm sorry, Judge. I don't have the joint appendix on that. I apologize. My point was that the ALG, in my recollection, that employers, physicians, witnesses, did not account for anything about individual claims that this company did. But I think there were clearly places in the record where they did do that, and that that was the basis, one of the bases, that the ALG said, well, I'm going to discredit you. That does not seem to have the correct factual predicate. Well, here's the thing. I agreed with a lot of what Mr. Sigmund said, but the very first thing he said I fundamentally disagree with. This is a substantial evidence case. This is a substantial evidence case on total disability, and the reason is the judge had five different medical reports. He analyzed each of the five medical reports, and he specifically said, I find less persuasive on the issue of total disability the two reports from Dr. McSherry and Dr. Sargent. I find more persuasive the three reports from Dr. Nader and Dr. Green times two, and that is a factual finding. That's exactly what the judge does. Now, he didn't... The ALG has to say, here's why I find the plaintiff's evidence to be more persuasive, and that's what I think the opposing counsel says they didn't do here, and I'm not recalling that I found that in the ALJ's opinion too, and that dovetails with the other issue, which is finding legal... I can't pronounce it. It's not the equivalent of finding total disability, and that that's the other problem here, that the ALJ seemed to merge the two so that there weren't the distinct findings that the law requires. Well, on joint appendix page 69 and 70, if I'm not mistaken, I think the judge specifically said, I'm not persuaded by Dr. Sargent and Dr. McSherry because they opine that he could do any job in the court, any job that a man of his age could do. So, I mean, that's pretty extreme. I don't think the way it was just analyzed is necessarily what the judge found. I think the judge said, I read Dr. McSherry. I'm not quoting here, but I think essentially what the judge said was, Dr. Sargent and McSherry are saying he could do any job, and then you've got three experts on the other side that are going in and engaging in a detailed analysis of the precise exertional demands of this man's last coal mining job, and they're opining he couldn't do... I mean, they gave examples like he couldn't carry a single piece of tin from a carport to a house, which is 10 to 15 feet away. This man has been on two inhalers and supplemental oxygen since 2020. There could be evidence in the record to sustain the claimant's claim. I think the claim of error is that the ALJ has to tell you why that is more persuasive than whatever the employer has put forward. I think that's what the claim of error is, that you just can't recite what their medical findings were. You have to do an analysis of them. I just... the only thing I can cite there is I think pages 69 and 70, where the judge specifically says he could do... I do not find persuasive the medical opinions from Drs. McSherry and Sargent that he could do any job. I mean, any job. Can I ask you about that? So he does say he doesn't find the employer's doctors persuasive...  ...on the question of total disability. Correct. But a number of the reasons that the ALJ gives aren't about total disability. They're about this separate question. The word we all cannot pronounce. Legal pneumoconiosis. So what's your response to that? I can't suss out whether the ALJ was correct or not because he gave legally incorrect reasons for discrediting them. So he might have good legally correct reasons to discredit them, but it's not my job to say that. He's the one who has to sort that out on using the correct legal standard. Isn't that the way it goes? I appreciate that, and I'm not going to stand here and say this is the easiest ALJ opinion to read. I appreciate what Your Honor's saying, but what I just cited, I believe, shows you the disability analysis where he said, I do not... I am not persuaded by the employer's expert... Are you saying I could cut out the parts that were legally incorrect and then find that there's still enough that this ALJ, if he had not made those mistakes, would still have been persuaded? Judge, I think when you have a black and white sentence where he says, I am persuaded within the context of total disability... Am I allowed to do that? I don't know that I'm allowed to come up with other reasons and say, well, the ALJ applied a legally incorrect standard, but there's still enough in the record. Judge, we've said that a lot, applied an incorrect legal standard, but the truth of the matter is this is really a form... like a form issue with the ALJ's opinion. It's not a legally incorrect standard. No, no, it's not. I mean, they do talk about it being under the heading, but he could put it under the wrong heading, and that's not a problem. The problem is he says, the doctor says X. I find that unpersuasive because of something that's totally off base. Right? So he's responding to their total disability finding with the pneumococcus arguments, and that is what's incorrect. It's not the heading. It's not smooshing it all together in one section. I think Mr. Sigmund did a good job of explaining the way an analysis needs to flow when we talk about a 15-year presumption case. My argument is this case flows in that way. It may not be the best organized. It may not be under separate headings, but here's the analysis. We've got 28 years of coal mine dust exposure that no one disputes. That gets in the first prong of the 15-year presumption. We've got the judge's finding that he's not persuaded by two of the five medical reports at Joint Appendix 69 and 70. We've got the judge's analysis that he is persuaded... But, like, that's your problem. You just said, second point, he's not persuaded. The problem is the reasons he's not persuaded are wrong. Some of them might be right, but some of them are wrong, and the Court of Appeals doesn't sit to weigh those anew, right? We say some of those were wrong. Send it back, and you... Judge, I think that's a factual finding that administrative law judges make, and I don't think he's applied a legally incorrect process to weighing total disability in this case. I think it's fine for him to say, I discredit your total disability analysis because of your pneumoconiosis conclusions. The judge discredited... Do you think that's right or wrong? Under that heading, he did say that. Is it right or wrong to discredit a total disability finding because of the doctor's discussion of pneumoconiosis? If that's all the judge did, Your Honor, I would concede that point. But that's not all the judge did. So you're saying that's a wrong analysis by an ALJ? It would be a wrong analysis by an ALJ in a hypothetical situation, not this case, for an ALJ to discredit a disability opinion based on disease. But in this case, we have a specific factual finding after the judge looked at the opinions of Drs. McSherry and Sargent where he said, I'm not persuaded. They did not discuss the job duties, unlike the claimants' experts, which went into great detail. They ignored the abnormal test results, and I am not persuaded that their opinions are credible on the issue of total disability. That right there is your factual finding, regardless of the commingling of legal pneumoconiosis elsewhere in the opinion. If this court can ascertain what the judge did and why he did it, the duty of explanation is there. It is not... I see my time is about to run out. If I could finish just one quick thought. It's not often the case that we have a perfect opinion. Some are better than others. But we can tell from this opinion that this judge found 28 years of coal mining, found total disability based on three of five medical opinions when he weighed them apples to apples against each other. He then turned around and invoked the 15-year presumption, which is what he was supposed to do under the law. And because the employer didn't offer any opinion regarding legal, the employer's only expert opinions were he doesn't have legal because he's not disabled. That's contrary to the judge's finding. And he doesn't have disability causation to rebut because there's no disability and there's no legal. So it naturally flows from that analysis this court should affirm the AOJ's decision. Thank you very much. Mr. Sigmon, you've got a little rebuttal time left. Mr. Austin spent quite a bit of time discussing issues that are outside of the specific issue before the court, and that is whether the claimant met his burden of proving total disability by respiratory or pulmonary impairment by a preponderance of the evidence. Whether he has 28 years of coal mine employment and whether he has legal pneumoconiosis is not relevant to whether or not the evidence establishes total disability. And the court is right when they have noted that the AOJ cannot go looking within the record to find reasons that will support the AOJ's findings if the AOJ himself did not specifically address those. I mean, that's CB Mining v. Addison and King v. Califano. Although it is within the AOJ's statutory... Well, I'm sorry. CB Mining v. Incan Holder. We cannot guess at what the AOJ meant to say but didn't because established precedent dictates that a court may not guess at what the agency meant to say but must instead restrict itself to what the agency actually did say. This is one of the few cases that I have seen over the last 20 years that has actually been organized in the way it was. Usually they are very... The Office of Administrative Law Judges has forms that are available to the judges when they're issuing their decisions. It is not normal to see the issues conflated like this. The bigger issue is that even if this is found to be a close case by the court, this board decision is out there and we do not want to see other AOJs taking this either intentionally or not intentionally and trying to make their decisions appeal-proof by conflating these issues because it's ultimately going to come down at that point to which panel gets the case for review. We would request that the court vacate the AOJ's decision and remand for a proper consideration of whether the medical opinion evidence supports the finding that Mr. Blankenship is totally disabled by respiratory or pulmonary impairment. Thank you. In this case, if we were to find that the board was correct in Yates and incorrect here where you have the same ALJ, there is not a request that I am aware of that the board be directed to remand to a different ALJ. No, Your Honor, and simply because we have... I have only seen that in situations where the board remands to the same ALJ three times and they keep making decisions that are contrary to what the reviewing court, how they told them to act. I do not have that specific request in front of the court at this time. All right. Thank you very much. We appreciate the argument of counsel today and we're going to come down and greet counsel and first we'll ask the clerk to adjourn court for the day. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: G. Steven Agee, Allison J. Rushing, DeAndrea Gist Benjamin